UNITED STATES DISTRICT COURT
District of Minnesota
Criminal No. 26-MJ-45 (KMM/DTS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE ROBERTO RAMIREZ,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Nicholas Grey, Special Assistant United States Attorney, offers the following response to Defendant's Objections to Order & Report and Recommendation ("Defendant's Objections", Doc. 70).

The United States concurs with the R&R that the case cannot be dismissed for outrageous government conduct, that the exclusionary rule does not apply to evidence gathered after Ramirez struck DO Rivera, and that military SAUSAs should not be disqualified from representing the United States. The U.S. objects to evidence included by reference in Defendant's Objections which was not offered at the hearing. The U.S. maintains its previous objection to the R&R recommendation to exclude evidence gathered

prior to the moment Ramirez struck DO Rivera and notes that specific excludable evidence has not been identified.

## I. The government did not commit outrageous conduct to justify dismissal of charges

The defense contends that government actions against Ramirez were so egregious as to merit outright dismissal of charges or a functional dismissal accomplished by suppressing the evidence of the assault.

> When [the] officer opened the door to Mr. Ramirez's vehicle without consent, and then violently knocked the cell phone out of his hand, Mr. Ramirez reflexively hit officer Rivera in self-defense. His actions were reasonable and authorized under the law, and should not serve as a basis to excuse the violations of [h]is Fourth and Fourteenth Amendment rights.

Defendant's Objection, 70.

Defendant is advancing a dangerous precedent under which a person would be authorized under the law to punch an officer during a questionable investigative stop. The trend of the last century, however, moves in the opposite direction.

> There is, therefore, a present trend toward holding that the legality of an arrest— which is often a close question— should be decided by a court of law without the preliminary trial by battle in the streets. As Judge L. Hand said, 'The idea that you may resist peaceful arrest because you are in debate about whether it is lawful or not, instead of going to the authorities which can determine, (is) not a blow for

> liberty but, on the contrary, a blow for attempted anarchy.'

*United States v. Heliczer*, 373 F.2d 241, n. 3 (2d Cir. 1967) (citation omitted). "An agent, even if effecting an arrest without probable cause, is still engaged in the performance of his official duties, provided he is not on a 'frolic of his own,' and is protected from interference or assault." *United States v. Martinez*, 465 F.2d 79, 82 (2d Cir. 1972).

The R&R correctly finds that Ramirez has failed to meet the standard necessary to establish outrageous government conduct. The parties and the R&R primarily addressed entrapment cases, e.g. *United States v. Twigg*, 588 F.2d 373 (3d Cir. 1978). The R&R properly found that the present case does not fall under an entrapment fact pattern.

The legal concept of outrageous government conduct does not apply to these facts. "[T]he rule that outrageous government conduct can foreclose criminal charges has been applied by our court almost exclusively to situations involving entrapment, where law enforcement officers have sought to create crimes in order to lure a defendant into illegal activity that she was not otherwise ready and willing to commit." *United States v. Boone*, 437 F.3d 829, 842 (8th Cir. 2006) (citation and quotation marks omitted). The agents in this case were not seeking to lure Ramirez into illegal activity. There is no

evidence that DO Rivera attempted to lure Ramirez into the crime of assaulting a federal officer.

The Defendant's Objection cites *Rochin v. California*, 342 U.S. 165 (1952), as an example of "outrageous conduct in a case that had nothing to do with entrapment." *Rochin* is inapposite. The remedy in *Rochin* was not dismissal, but suppression of the pills forcibly extracted from Rochin's stomach. Moreover, the law enforcement conduct in that case is far removed from anything demonstrated or even alleged in the present case. In *Rochin* the officers "were guilty of unlawfully assaulting, battering, torturing and falsely imprisoning the defendant at the alleged hospital." *Id.* at 167.

Ramirez also cites *Fikes v. Alabama*, 352 U.S. 191 (1957). In this pre-Miranda case, the Supreme Court found "[t]he use of the confessions secured in this setting was a denial of due process." *Id.* 197. The remedy was exclusion of the confession, not the outright dismissal of charges. *Fikes* does not support outright dismissal of charges.

The Defendant's Objection notes that although dismissal for outrageous government conduct has historically occurred in entrapment scenarios, there is no binding precedent expressly holding that it is limited only to those scenarios. The lack of explicit conflicting authority to a seldom-applied legal concept is not surprising and does little to help the defense. Ramirez is requesting the extraordinary remedy of dismissal: the burden is upon him to

provide authority to support his motion, not merely a lack of conflicting authority.

Ramirez's rhetoric essentially advocates that no prosecution stemming from Metro Surge should be permitted. He offers no authority that broad misconduct within an agency, even if proven, precludes prosecution of individual cases investigated by that agency. The United States is aware of no such precedence. Other law enforcement agencies have suffered from deep-rooted corruption, such as the Los Angeles Police Department during the Rampart Scandal of the 1990s. *See* e.g. *Diaz v. Gates,* 380 F.3d 480, 482 (9th Cir. 2004), on reh'g en banc, 420 F.3d 897 (9th Cir. 2005). This resulted in the overturning of dozens of convictions. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1015 (9th Cir. 2008). Left undisturbed were the thousands of other cases in which the LAPD was involved, but where specific instances of misconduct were not demonstrated. Ramirez has not demonstrated that an entire agency can be disabled from presenting evidence or that affiliated agents such as DO Rivera lose the protections of 18 U.S.C. § 111.

## II. The United States objects to new evidence offered by reference in Defendant's Objection

The Defendant's Objection raises a number of factual issues not previously offered at the hearing. Even if properly established, they would have little bearing on the case. Specifically, the Defendant's Objections

discusses Operation Metro Surge at length, though Ramirez has offered no testimony or exhibits. The United States objects to the admission or Court's consideration of evidence that has only been put forth by reference in the Defendant's Objection. Additionally, the occurrence of Operation Metro Surge generally has little bearing on whether the specific agents in this case had reasonable suspicion to conduct the investigative stop of Ramirez.

The Defendant's Objection argues that dismissal for outrageous government conduct is supported in the broader context of Operation Metro Surge. Ramirez has offered no admissible evidence or testimony about Metro Surge. The Defendant's Objection cites three other cases in the District of Minnesota: *Hussen v. Noem* (Case No. 0:26-cv-00324), *Minnesota v. Noem*, 818 F. Supp. 3d 1030, and *Tincher v. Noem*, 816 F. Supp. 3d 931. The fact finding in those cases cannot simply be adopted by this Court. Each of those cases are at the preliminary injunction stage; there has been no final judgment to provide issue or claim preclusion against the United States. The underlying evidence in those cases has not been offered in this case and would be inadmissible hearsay if offered. By asserting these factual claims only after the hearing the defense has deprived the United States of the opportunity to offer a factual rebuttal or legal objections.

The Defendant's Objection also cites the article "A Manufactured Crisis" published by Human Rights Watch. This article cites *Hussen v. Noem*

extensively. The added layer of hearsay does not render it admissible. The factual allegations in this article would need to be put forward by the defense with competent, admissible evidence. The article itself is inadmissible hearsay.

Nor are the factual findings in the other district cases or "A Manufactured Crisis" amenable to judicial notice under FRE 201, which is limited to facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, under FRE 201(e), "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." The United States hereby requests a hearing before the Court takes judicial notice.

The Defendant's Objection alleges "Mr. Ramirez reacted to the racial profiling by federal officers based on fear that he would be the next Renee Good whom immigration officers had murdered the previous day." Page 11. The alleged fear is not in evidence. Ramirez has not testified. Such evidence is also irrelevant at this point. Ramirez might seek to offer such evidence in the future in furtherance of an argument of self-defense or mistake-of-fact defense. Those would be questions for the jury as factfinder, not the Court as trier of law.

Nor is a broad-based investigation of Metro Surge required for resolution of this case. The Defendant's Objection paints with a very broad brush, e.g. "Mr. Ramirez was one of countless victims of the Trump regime's fascist and racist terror campaign against residents of the Twin Cities area." Page 8. The Court's analysis must go from the global to the particular. Did these eight particular agents have reasonable suspicion to conduct an investigative stop of this particular defendant? Did Ramirez have lawful justification to strike DO Rivera in the face? The defense has not shown how alleged misconduct by other agents in other cases is relevant to these questions.

Defendant's Objection does not include a request to offer further evidence to the District Court. If the Court should be inclined to accept further defense evidence, the U.S. requests a preliminary ruling by the Court as to the scope of relevant evidence as it relates to Operation Metro Surge. If the Court concludes that the broader activity of Metro Surge is material to the motions at hand, then the parties are likely to have witnesses and exhibits comparable to *Hussen v. Noem* (Case No. 0:26-cv-00324). Again, however, the U.S. contends that litigation of Metro Surge writ large (i.e. the conduct of some 3,000 agents over roughly three months) is not required to assess the merits of one stop of one defendant on one day.

## III. The exclusionary rule does not apply to evidence gathered after Ramirez's strike against the officer

The R&R correctly concludes that Ramirez's strike against DO Rivera created independent probable cause for the former's subsequent arrest, citing *United States v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995) ("Although the Eighth Circuit has not previously addressed this precise issue, <u>we now hold</u> that a defendant's response to even an invalid arrest or *Terry* stop may constitute independent grounds for arrest.")(underline added).

The Defendant's Objection characterizes *Dawdy* as dicta. This is incorrect. The Court of Appeals did have other grounds to uphold the conviction in *Dawdy*, but its pronouncement on independent grounds for arrest is prefaced by "we now hold" as opposed to any language indicative of mere dicta.

## IV. There are no identified statements or searches prior to the strike that are subject to the exclusionary rule

The R&R "recommends granting Ramirez's motion to suppress with respect to all evidence obtained from Ramirez up until the moment Ramirez struck Agent Rivera." Page 22. The U.S. has objected to this recommendation. ECF Doc. 68. The R&R does not identify any evidence obtained from Ramirez. If the Court adopts this recommendation, it will be necessary to articulate what evidence is subject to the ruling.

## V. The investigative stop was supported by reasonable suspicion and was lawful, therefore no evidence is subject to the exclusionary rule

The United States has previously submitted its objection to the portion of the R&R finding the original stop unlawful. ECF Doc. 68.

## VI. The motion to disqualify should be denied

The United States agrees with the R&R recommendation to deny the motion to disqualify military SAUSAs.

The defense objection is correct that the motion is not moot. The currently assigned SAUSA is assigned to the U.S. attorney's office via military orders. As with previous military SAUSAs and SAUSAs from other agencies, the assigned SAUSA takes directions from the receiving agency (Department of Justice) and not the donating agency (Department of Defense).

The currently assigned SAUSA is with the Marine Corps (within the Department of the Navy) and not the Army, and thus different regulations are currently applicable. Department of the Navy regulations (C.F.R Title 32, Subtitle A, Chapter VI) do not contain a comparable subchapter to the Department of Army regulations on Aid of Civil Authorities (C.F.R. Title 32, Subtitle A, Chapter V, Subchapter A). Specifically, 32 C.F.R. § 516.4 cited by the Amici (ECF Doc. 29-1) and addressed by the R&R, is not applicable to Department of the Navy personnel.

## VII. Conclusion

The United States requests the Court to adopt the R&R recommendations to deny the motions to dismiss for outrageous government conduct and to disqualify government counsel. The U.S. requests the Court to adopt the R&R recommendation to deny the motion to suppress with respect to any evidence gathered after Ramirez struck DO Rivera. The U.S. requests the Court reject that portion of the R&R recommending exclusion of evidence gathered before Ramirez struck DO Rivera.

Dated: September 22, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Nicholas R. Grey*
BY: Nicholas R. Grey
Attorney ID No.: 283780CA
Special Assistant U.S. Attorney
300 South 4th Street, Suite 600
Minneapolis, MN 55415
T: 612.664-5600 | C: 202-256-7915
Email: Nicholas.Grey@usdoj.gov

***Local Rule 72.2 Certificate of Compliance***

I certify in compliance with Local Rule 72.2 that the above Response contains 2,234 words as counted by Microsoft 365 Word Version 2607, excluding caption, signature-block text, and certificate of compliance.

*s/Nicholas R. Grey*
Nicholas R. Grey
Attorney ID No.: 283780CA
Special Assistant U.S. Attorney